**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
ELLISTON JACOBS, JR.,           :
                                :       Civil Action
          Plaintiff,            :       No. 05-3139 (FLW)
                                :
     v.                         :
                                :       O P I N I O N
N.J. PUBLIC DEFENDER'S OFFICE,  :
et al.,                         :
                                :
          Defendants.           :
_____:
```

ELLISTON JACOBS, JR., #151605, Plaintiff Pro Se
Camden County Corrections Facility
P.O. Box 90431
Camden, New Jersey 08102

**WOLFSON, DISTRICT JUDGE**

Plaintiff Elliston Jacobs, Jr. ("Jacobs"), a prisoner confined at the Camden County Corrections Facility in Camden, New Jersey ("CCCF"), seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 (1998).  Based upon his affidavit of indigence this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to deduct and forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00,

until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915 (a),(b).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to these statutes for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff alleges violations of his rights secured by the Constitution and laws of the United States in an action brought under 42 U.S.C. § 1983.[1]  The Defendants named in ths action are the New Jersey Public Defender's Office, Patrick Malloy, Esq., of the New Jersey Public Defender's Office, and Michael Friedman, his supervisor.  (Compl., Caption and ¶ 4.)

Plaintiff asserts the following facts in support of his claims: On January 13, 2005, he was appointed counsel, Defendant Malloy, from the Public Defender's Office.  (Compl., ¶ 6.)

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff asserts that at that time, he sought to tell Defendant Malloy about his pending civil matter against the Camden County Prosecutor's Office. (Id.) Plaintiff allegedly was told to shut his mouth. (Id.) Plaintiff noted that he was not satisfied with Defendant Malloy's representation. (Id.) He states that he asked for his case to go to trial. (Id.) At their first meeting on January 13, 2005, Defendant Malloy disagreed with Plaintiff about going to trial. (Id.) Plaintiff wrote to Defendant Friedman complaining about his treatment, but received no relief. (Id.) He then wrote to higher authority at the state and was referred back to Defendant Friedman, whom Plaintiff described as becoming angry. (Id.) Plaintiff then filed a grievance with the appropriate District Ethic Committee (Id.) He has asked for new counsel but has been refused. (Id.) Plaintiff seeks "a restraint on [the Public Defender's Office] as well as any monetary damages he may be entitled to. (Id.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B); 1915A. The Act requires the Court to identify cognizable claims

and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then

v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.   See West v. Atkins,

5

487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Claim Against Public Defender

Plaintiff's claim against Defendant Malloy must be dismissed. As related above, establishment of a claim under 42 U.S.C. § 1983 requires the Plaintiff to "demonstrate a violation of a right secured by the Constitution and laws of the United States...committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Private attorneys and public defenders do not act "under color of state law" by being part of a state judicial system or being paid by a state agency.  Polk County v.Dodson, 454 U.S. 312 (1981).  See also Denson v. Henderson-Duffy, 1994 WL 386393, *2 (D.N.J. July 21, 1994)(Though an attorney is an officer of the court, in representing a criminal client, she does not act on behalf of the state, but acts with undivided loyalty to her client as an adversary of the state. Thus, conduct of public defenders or private attorneys is not state action so as to permit suit pursuant to 42 U.S.C. § 1983;" citing Polk County).

The Complaint in no way indicates or permits the inference that the alleged conduct of the Defendant was committed by a person acting under color of state law.[2]  Plaintiff can not sue

---

[2]  The Court also notes that with respect to the Public Defender's Office itself, the United States Supreme Court has held that "neither a State not its officials acting in their official capacities are 'persons' under § 1983".  Will v. Michigan Dep't of

7

the public defender named in the Complaint under 42 U.S.C. § 1983. Polk County, 454 U.S. at 317 n. 4 ("a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant").  In addition, the Complaint asserts no more than a claim of respondeat superior liability against Defendant Friedman, which simply is not actionable under 42 U.S.C. § 1983.  See Rode v. Dellarciprete, supra.

### III. CONCLUSION

Based upon the foregoing discussion, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

                                           S/Freda L. Wolfson
                                           **FREDA L. WOLFSON**
                          **UNITED STATES DISTRICT JUDGE**

**Dated: June 28, 2005**

---

State Police, 491 U.S. 58, 71 (1989); see also Smith v. LaFollette, 23 f.3d 410 (7th Cir. 1994)(state public defender is a state agency and is thus immune from suit under the Eleventh Amendment).